## SUCCESSION OF PERES.

### Appeal of SALATICH.

### No. 16466.

Court of Appeal of Louisiana. Orleans.

May 3, 1937.

*Rehearing denied May 6, 1937.

Chas. I. Denechaud and Ernest J. Robin, both of New Orleans, for appellant.

Porteous, Johnson & Humphrey, of New Orleans, for appellee.

JANVIER, Judge.

Dr. Rinauldo J. Salatich claims to be a creditor in the sum of $691 of the estate of Marie Julie Veronica Peres and seeks judgment for that amount. The petitioner is a dentist and alleges that he had rendered professional services to the decedent, for which he is entitled to be paid $573, and that he has advanced to her in cash the sum of $93 and has paid $25 on account of a hospital bill due by her.

The administratrix of the estate denies all of the allegations of the petition of Dr. Salatich and now appeals from a judgment rendered in favor of the doctor for the full amount claimed. Appellant, the administratrix, now calls attention to the provisions of Act No. 11 of 1926, particularly the second paragraph, and contends that the claim of Dr. Salatich must be rejected for the reason that supporting his claim there is not the proof required by that statute.

The act referred to contains two sections, the first of which provides that parol evidence shall be incompetent and inadmissible to prove any debt or liability of a deceased person where the suit based on the claimed indebtedness is brought more than twelve months after the death of the alleged debtor, and the second section of which provides that even if the suit is brought within twelve months of the date of the death, parol evidence shall be incompetent and inadmissible unless it consists of the testimony of at least one credible witness of good moral character, in addition to the plaintiff, or unless the parol evidence be corroborative of a written acknowledgment or promise to pay signed by the alleged debtor. The deceased died on July 13, 1935, and claimant's petition was filed on December 27, 1935, and, therefore, within the period of twelve months following the death. It follows that the claim cannot be allowed unless the evidence in support thereof is such as is required by the second section of the act. Our brother of the district court, in his reasons for judgment, states that in his opinion the record contains evidence corroborative of the testimony of the plaintiff. He refers particularly to the evidence which shows that Sister Veronica, the supervisor of nurses at the hospital in which the deceased died, on one occasion found a denture apparently belonging to the deceased, and in his reasons the district judge states that the finding of this denture corroborates Dr. Salatich's testimony that he had performed valuable professional services for the deceased and had made a denture for her.

But the statute on which the defense is predicated requires more than corroborative circumstances, for, to quote from that act, parol evidence supporting such a claim is "incompetent and inadmissible * * * unless it consists of the testimony of at least one credible witness * * * besides the plaintiff." Even if it be conceded that the finding of a denture is a circumstance corroborative of the testimony of the doctor that he rendered extensive professional services—and we have grave doubt as to this—surely it cannot be said that the evidence on this point complies with the provisions of the statute, the requirements of which are not satisfied by proof of corroborative circumstances. The same may be said as to the testimony of a brother dentist to the effect that, if the services concerning which Dr. Salatich testified were actually rendered, the charges made therefor were reasonable.

Nor does the testimony of Dr. Salatich that he has in his possession a bill receipted by the hospital comply with the requirements of the statute, for such testimony is merely testimony concerning a corroborative circumstance, and, even if it could be considered under the act, it would have little, if any, probative value, for the evidence shows conclusively that Dr. Salatich attended to many of the business affairs of the deceased and, among such affairs, it might well have been possible for him to have paid such bills with her funds. At any rate, the proof tendered does not meet the requirements of the statute, and it necessarily follows that

no judgment in favor of Dr. Salatich can be approved.

It is contended that the statute of 1926 should be liberally interpreted, or, rather, should not be rigidly applied, for the reason that often professional men do not find it possible to obtain proof of services rendered to patients after the patients have died. Conceding that this is true and that the result is, in certain instances. more harsh than the framers of the statute intended, the remedy should be sought from the Legislature and not from the courts.

As we are urged by defendant administratrix to apply the statute, so it was applied by the Supreme Court in Succession of Coreil, 177 La. 568, 148 So. 711. The record contains no admissible evidence in support of the testimony of Dr. Salatich and, in the absence of such as is required by the statute in question, we cannot approve the judgment in his favor.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and that the claim of Dr. Rinauldo J. Salatich be and it is dismissed at his cost.

Reversed.